May it please the Court, my name is Lawrence Gerzog and I represent David Allen Vickers. I did not represent Mr. Vickers at trial. Your Honors know that this case involved two counts of violating the Mann Act, one with respect to one individual and one with respect to another individual. Mr. Vickers was convicted at trial on both counts and sentenced to life in prison. Our primary argument on appeal is that the indictment failed to mention the specific statute or statutes that Mr. Vickers might have violated and that this is a fundamental requirement under this Court's holdings in general, although this Court has not held specifically with respect to the Mann Act in this sense, the entire understanding of an indictment giving someone sufficient notice to defend and sufficient opportunity to . . . Assuming error in the indictment, you still have to show prejudice? Well, Your Honor, I think this is a very . . . the nature of this error is so fundamental that it comes with its own prejudice, quite frankly. You're arguing that it's a structural error and that, in essence, you need not show prejudice? Well, no. I think that what I'm saying is that it's . . . not that it's a . . . not that the fact that it's not there doesn't . . . or not that the fact that there's no need to show prejudice, but that, in fact, it's the absence of that language is in and of itself prejudicial. Now, the government says that because the information was provided in a Bill of Particulars that Mr. Vickers and his counsel were on notice. However, this Court has said that a Bill of Particulars is not a substitute for an indictment and that . . . Well, but beyond the Bill of Particulars, there were jury instructions on what the state laws were, what the elements of the state laws were. There was a special interrogatory listing each of the state statutes in question and the jury checked them all off. Of course, Judge, but that's all after the fact. So where is the prejudice in light of all the circumstances? That's all after the fact. You can't . . . it seems to me, respectfully, that you can't say that because the judge charged the jury that they had to find a certain violation, that that cures the defect in the indictment. In fact, I would suggest that the fact that the government asked for that jury charge indicates that the government realized too late that it had made a mistake in the indictment, that it had failed to include something in the indictment. If we were to disagree with you on this, what prejudice did your client suffer? Well, the prejudice that he suffered was that he was not put on notice through the indictment before trial of the statute that he was alleged . . . He was unable to prepare a defense? Well, he was . . . it prejudiced his opportunity to prepare a defense. Could you give a precise example of how? Well, because the . . . all he had before trial, I'm not speaking about the jury instructions or any argument about the jury instructions, but before the first day of trial, all he had was a bill of particulars, and that . . . A bill of particulars describes the states and the statutes that are referred to . . . Yes, Your Honor, it does. Right. So there's no argument about that. Yeah. But that is not the . . . that is not the way this court and, frankly, the Supreme Court has stated that we are . . . or the government is to give notice to a defendant of what's going on. Furthermore, because . . . He was given the bill of particulars, it looks like, August of 2014, and the trial was not until 2015, it looks like, February of 2015, so he had the information for several months. Well, he had information as to what the government, in its view, was alleging were the statutes, but, of course, it's not the government that charges people. It's the grand jury that charges people, and the grand jury charges people through an indictment. The government can't say, oh, well, we are telling you that this is what we think the case is. We are telling you that this is what we think the statutes are. It's up to the grand jury to . . . Was there ever an objection made to the absence of the specific statutes in the indictment? Our argument is that . . . A motion to dismiss . . . Our argument is that the motion to dismiss the indictment that was filed and the Rule 29 motion that was filed after the government's evidence both preserved the argument. The government, of course, argues that Mr. Vickers waived his rejection to that defect, but it is our position that there is sufficient material in the record to indicate that Mr. Vickers did object to the indictment and that the judge ruled on that objection, denying Mr. Vickers' objections. Moreover, this is, in our view, the kind of defect that is so overwhelming and so important that the court should view the waiver issue. I'm looking at the motion to dismiss. I don't think an argument was made that the indictment should be dismissed because it failed to specify an element. That's correct, Judge. That specific ground was not listed in the motion, but other grounds were listed in the motion to dismiss the indictment, and moreover, the Rule 29 motion covered that defect, and the court could have and, in our view, should have dismissed the charges at that time. The government argues that Mr. Vickers waived an objection, and it's our position that first and foremost, he did not waive, and second, that even if his objection wasn't as explicit as it perhaps might have been, that under the circumstances, that does not constitute a waiver. We'll hear from the government. Good morning. May it please the Court. My name is Aaron Mango, and I represent the United States in this matter, and I was trial counsel before the district court as well. This court should affirm Mr. Vickers' convictions and sentence in all respects. I'm going to focus on the first point, obviously, since that was the focus of Mr. Gerzog's arguments here. This argument was completely waived by Mr. Vickers by not asserting with particularity that the indictment was defective on the particular grounds that he now argues on appeal. As Judge Chin, as you observed in the original motion to dismiss, it never said the indictment is defective because the underlying state crimes or foreign crimes that Mr. Vickers could be charged with, they're not listed, so therefore, the indictment is defective. That argument was never made, and moreover, even after the court decided that motion to dismiss that had some vague language about the dates in the indictment aren't specific enough to allow . . . There was a request for a bill of particulars? There was a request for a bill of particulars in that motion, but the magistrate court issued a report and recommendation in that. It appears at docket entry number 24. Somehow it didn't make it into the record, and I apologize about that, but it's on the docket at number 24, and the magistrate judge explicitly found that the indictment included all elements of the 2423A charge, and then what happened next was Mr. Vickers filed objections to that report and recommendation at docket entry 29, and he did not object to the magistrate judge's report and recommendation on that ground. It didn't happen. He didn't argue that the indictment was defective. He simply argued that, well, we need more specification about dates, and then the government provided a bill of particulars. Apart from the waiver issue, though, is it fair to infer that the grand jury was not presented with the particulars of New Jersey law, Pennsylvania law, and so on? No, Judge. It's not. Why not? Why is it not? Well, it's not in the record. I was in the grand jury. I was there. I have a recollection, and in fact, I have a document that I use, and again, this is all . . . I won't ask you to speak outside of the record, though. I'm just looking at what is before us. It seems to me that the indictment doesn't specify the particular crimes, and you could take the position that it doesn't have to, although it's a little curious still to have this criminal act dependent upon others that remain unspecified. Is it your position that it's sufficient without naming the other criminal acts, and why is that so? Why does that give the defendant enough notice as a general matter about what he's being charged with? Absolutely, Judge. The indictment was absolutely sufficient to put the defendant on notice as to the essential minor across state lines with the intent to commit criminal sexual activity, paraphrasing. Any sexual activity for which any person can be charged with a criminal offense, unspecified. Right, unspecified, and this is an intent statute. This is not a . . . there has to be a completed sexual act very similar to the 2422B statute, the persuasion and enticement statute, which this court and the other courts, and Mr. Vickers as well, relies on to support his argument. But still, the intent is tied to activity for which someone can be charged with a criminal offense. It is. Why shouldn't the grand jury determine that and hear that? Because you can't determine what the intent is without knowing what the criminal offense is. Well, I can't . . . I don't want to say that they didn't hear it, because I know when I was there, but the specifics don't need to . . . Yeah, you're saying it's a general matter, though the specifics do not need to be before the grand jury. Correct, Judge. And this court has said several times that perfection in an indictment is not the lodestar. Technicalities does not control . . . There are some circuits that have held that this is an element, the specific state crime is an element. True? Yes, Judge. That was the seventh circuit. We haven't ruled. Our court has not ruled. You have not ruled. Specifically, anyway. You're arguing that generally, I guess, that we have. Right. And I think what respectfully, hopefully, this court will look to is, Judge Carney, what you asked about was prejudice, and Judge Chin as well. There was no prejudice in this case. This court's decision, the circuit's decision in Stringer, which was an aggravated identity theft case, in which the argument was the indictment was defective because it didn't name the specific person to which the identity was stolen. In that decision, the court focused on the fairness, the fairness to a defendant to have to list that out, and found that this was not the type of statute where it was fundamentally  And it was such a fundamental defect or fundamental unfairness here. If you look at the criminal complaint, the first item that was in this case, docket entry number one, it contains two paragraphs at the end of a New York statute and a New Jersey statute, which ultimately found their way in the bill of particulars, in the second bill of particulars, in the third bill of particulars, in the jury instructions, and on the verdict sheet that Mr. Vickers was ultimately convicted of. The standard is we would have to find that the error was harmless beyond a reasonable doubt? Yes. And so why don't you address that? Yes. Why do you think the error, assuming there was error, was harmless beyond a reasonable doubt? Well, Judge, this court has never addressed the issue of whether the underlying state crimes has to be in the indictment. The indictment clearly, and there's no question, tracked practically verbatim the statute, which this court has also said makes an indictment sufficient, and that technical violations do not control. Rather, it's common sense and reason that would control. So here, this was a harmless error. If the court even, one, gets there, because certainly the defendant, again, we do heavily rely on the fact that the defendant, or Mr. Vickers, waived this argument, because a superseding indictment was returned, a second superseding indictment was returned, Mr. Vickers' counsel filed another motion to dismiss, but that was only on statute of limitations grounds. He didn't preserve it. And even before the magistrate judge, he did not preserve this argument. He only argued after, so what that infers is that he was completely satisfied with the bill of particulars, the multiple ones, which came, as Judge Chin, you noted, nearly six months before trial. Mr. Vickers was completely satisfied with his understanding of the state crimes and the extent to which they could be charged. He didn't argue that he was prejudiced in presenting a defense. In fact, there is absolutely no prejudice here in this case that can be shown. With that, unless there's any other questions, I'll rely on my papers on the other points, and thank you for your time. Thank you. We'll hear from Mr. Berzon. With all due respect to my colleague, and I mean this sincerely, of course, his recollection of what the grand jury was presented with is completely irrelevant. I'm not challenging his recollection, but it has nothing to do with how this Court decides this case. The fact that the criminal complaint contained mentioned certain statutes, of course, the grand jury saw the criminal complaint. You're not arguing that prejudice is irrelevant. You're kind of arguing that we should infer prejudice, but so what is the prejudice? In light of the criminal complaint, the bill of particulars, all of the circumstances. Again, Judge Chin, this Court has made very clear that an indictment is not just, my colleague said that it doesn't have to be perfect. Well, that's true. It doesn't have to have every comma in every place, and it doesn't have to be grammatically perfect, but it does have to advise the defendant of the charges, and this, we believe this Court should hold that the specific state statute is an element of the offense. The Court has not looked at that. It's clear that most circuits have already held that, or the circuits that have addressed that. I don't know about most, but there's some that have held the other way. There's a split. Yes. There is a split, but I think, and again, it's not a matter of counting three versus two, but I think the idea is that that's what it should do, and the government acknowledged that, at least indirectly, in requiring and requesting a jury charge to that effect. It's clear that it's the accepted practice. I don't know why the Western District here chose not to present the grand jury with an indictment that included the offense. They certainly had that available to them, and they should have done that, and then, there would be no problem here. There would be no issue, but I don't think it's . . . they can rely on saying that it's a technical violation and it's a minimal violation. What the Bill of Particulars concludes is the government's statement, not the grand jury's. The indictment itself, though, reads that between certain dates, Mr. Vickers did knowingly transport victim one, a person known to the grand jury, an individual who had not attained the age of 18. It tracks the statute. But I want to just focus on, with the intent that such individual engage in sexual activity and so on about the criminal offense, to me, the fact that the allegation presented to the jury is that the individual had not attained the age of 18 and was being transported for sexual activity . . . Well, for example, Your Honor, the age of consent in New York is 17, so the fact that that was the circumstance in and of itself . . . Doesn't provide . . . Doesn't provide that information. Okay, thanks. Thank you. Thank you.